Dennis CHAN, Petitioner–Appellant,

v.

A. KANE, Respondent–Appellee.

No. 06–17244.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed April 7, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dennis Chan, Soledad, CA, pro se.

Patricia Webber Heim, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: CANBY, T.G. NELSON and BEA, Circuit Judges.

## MEMORANDUM \*\*

California state prisoner Dennis Chan appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging the Board of Parole Hearing's ("Board") decision finding him unsuitable for parole. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition, *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

Respondent's contention that Chan does not have a clearly established liberty interest in parole is foreclosed. *See id.* at

1127–28. Respondent's contention that the "some evidence" standard does not apply to parole decisions is also foreclosed. *See Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir.2003).

■ Chan contends that the Board's 2003 decision denying him parole violated his due process rights because the Board relied exclusively on his commitment offense and other unchanging factors in its decision. We reject the contention. The Board relied on Chan's failure to continue to participate in self-help programming subsequent to his last parole denial and his insufficient parole plans, in addition to the commitment offense and other unchanging factors in reaching its decision. *See Sass*, 461 F.3d at 1128–29. Furthermore, Chan was afforded an opportunity to be heard and he received a statement of reasons explaining why his parole was denied. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 14–16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

We also conclude that some evidence supports the Board's decision to deny parole. *See Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons v. Carey*, 505 F.3d 846, 851–52 (9th Cir.2007). Accordingly, Chan has failed to demonstrate that the state court's decision denying this claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or "was contrary to, or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d); *see also Hill*, 472 U.S. at 454–56, 105 S.Ct. 2768.

■ Chan's contentions that the Board's decision violated California parole law are questions of state law that we will not

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review here. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1997) (A federal habeas petitioner "may not ... transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, ... and alleged errors in the application of state law are not cognizable in federal habeas corpus") (internal citation omitted).

**AFFIRMED.**